COLETTA ET AL., APPELLANTS, *v.* UNIVERSITY OF AKRON, APPELLEE.

36

(No. 88AP-102—Decided
August 25, 1988.)

*Lawrence J. Cook,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Marilena R. Walters* and *Mary G. Kirchner,* for appellee.

WHITESIDE, P.J. Plaintiffs appeal from a judgment of the Ohio Court of Claims and raise a single assignment of error as follows:

"The trial court erred in granting appellee's motion for summary judgment when a genuine issue of material fact existed as to whether or not appellee aggravated the pre-existing hazardous presence of ice and snow in one of its parking lots by exposing the underlying ice upon which appellant slipped."

From the briefs of the parties, there appears to be no essential factual dispute as to the circumstances surrounding plaintiff Linda Coletta's injury constituting the predicate for this case. Accordingly, we accept the statement of facts set forth in plaintiffs' brief herein as to the essential factual circumstances as follows:

"On March 6, 1984, Appellant, Linda K. Coletta, an employee of the Automatic Vending Company, entered upon Appellee's premises for the purpose of distributing certain food items to various vending machines located in Appellee's buildings. On her way to one of those buildings, she crossed through a loose gravel parking lot which, although it had been recently plowed, was covered with ice and snow.

"As Appellant was walking through the lot, she stepped on a patch of ice covered stones. Appellee had exposed the ice covering those stones after it had plowed the parking lot. Although Appellant was using reasonable care, as she stepped, her foot slid out from under her, causing her to fall and break her left ankle. Appellant's fall also caused her to hit her head on the parking lot, after which she momentarily lost consciousness. * * *"

The Court of Claims found that defendant state of Ohio (University of Akron) was entitled to judgment as a matter of law, predicated upon the general principle that the owner of a premises has no liability to a person injured on the premises as a result of a natural accumulation of snow and ice. While conceding that this is the law, plaintiffs contend that defendant state's conduct in removing the snow and ice constitutes a new and additional hazard so differing from the natural accumulation as to render the state liable for the negligent removal of snow and ice. Thus, plaintiffs contend that the state's plowing of the parking lot "aggravated a preexisting hazardous condition," citing *Porter* v. *Miller* (1983), 13 Ohio App. 3d 93, 13 OBR 110, 468 N.E. 2d 134, wherein it was held that, at the very least, there must be some evidence of an intervening act by a landlord that perpetuates or aggravates a preexisting hazardous condition of ice and snow before any possible liability could attach to the landlord. The *Porter* court did not decide whether such an aggravation would impose liability upon the landlord.

Plaintiffs' contention is predicated at least in part upon an argument, that the plowing of a parking lot to remove a natural accumulation of

snow and ice automatically changes the nature of the accumulation of snow and ice from natural to unnatural. We disagree. Ordinarily, an occupier of land has no duty to remove snow and ice. *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40 O.O. 2d 52, 227 N.E. 2d 603; *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589; *Lopatkovich* v. *Tiffin* (1986), 28 Ohio St. 3d 204, 28 OBR 290, 503 N.E. 2d 154. When the top portion of a natural accumulation of snow and ice is removed, the accumulation of ice and snow remaining is still a natural accumulation. It is only where a landowner has superior knowledge of a hazardous condition greater than that which would ordinarily be anticipated from a natural accumulation of ice and snow or where the accumulation itself is unnatural that the landowner may have liability. See *Mikula* v. *Slavin Tailors* (1970), 24 Ohio St. 2d 48, 53 O.O. 2d 40, 263 N.E. 2d 316. Essentially, a natural accumulation of ice and snow is one which accumulates as a result of an act of nature, whereas an unnatural accumulation is one that results from an act of a person. See *Porter, supra.*

Accordingly, applying the applicable law to the facts as stated in plaintiffs' brief, construed most strongly in their favor, reasonable minds could only conclude that plaintiff Linda Coletta's injuries were the result of a natural accumulation of snow and ice, as to which defendant, as a landowner, has no duty to an invitee either to remove such accumulated ice and snow or to warn the invitee of its existence. The removal of the top portion of the snow merely exposes an accumulation of ice and snow underneath. The Court of Claims correctly granted summary judgment under these circumstances. Plaintiffs have demonstrated no prejudicial error. Accordingly, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.