This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Patricia and Eugene Owens, ("Plaintiffs") appeal from a judgment of the Wayne County Court of Common Pleas that granted summary judgment to appellees, French Village Company and each of its general partners, on their claims for personal injury and loss of consortium. This Court affirms.
On December 28, 1995, at approximately 10:30 a.m., Patricia Owens and her sister arrived at the French Village Apartments in Orrville to visit their mother. The sidewalks leading to the apartment were partially covered with snow. Patricia walked from the parking lot to her mother's apartment without incident. During her return trip several hours later, she slipped on a snow-covered part of the sidewalk, fell to the ground, and sustained injuries.
Plaintiffs brought this action against the partnership that owned the apartments, French Village Company, and each of its general partners (collectively "French Village"). They alleged that Patricia's injuries had been the result of an unnatural accumulation of snow and ice on the sidewalk and that French Village had breached its duty to her by failing to keep the sidewalks clear.
On March 13, 1998, French Village moved for summary judgment, contending that Patricia fell on a natural accumulation of snow or ice that was open and obvious to her and that, therefore, it was not liable for the injuries she sustained. French Village supported its argument with legal authority and pointed to specific portions of Patricia's deposition testimony and photographs of the scene taken by Patricia's daughter, Pamela, who came to the scene after the accident. That same day, the trial court ordered that the summary judgment motion would be determined "without an oral hearing based upon the pleadings, affidavits, answers to interrogatories, depositions, briefs of counsel and other proper supporting documents." The court ordered that all such materials be filed by April 3, 1998.
Plaintiffs did not respond in opposition to the motion.[1] The trial court found that there were no genuine issues of material fact and that French Village was entitled to judgment as a matter of law. It, therefore, granted summary judgment to French Village on April 28, 1998. Plaintiffs appeal and raise four assignments of error.
Plaintiffs filed no response to French Village's motion for summary judgment. The issues they now raise on appeal, asserting several grounds in opposition to the motion for summary judgment, were not raised before the trial court and will not be considered now. Although this Court conducts a de novo review of summary judgment, it is nonetheless a review that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below. This Court will confine its review to the propriety of summary judgment based on the arguments and evidence before the trial court.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the moving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerkof Courts (1998), 83 Ohio St.3d 523, 524.
French Village moved for summary judgment, asserting that Patricia's fall and resulting injuries had been caused by a natural accumulation of ice or snow. It is well settled that a property owner owes no duty to an invitee [2] "to remove natural accumulations of snow and ice from private walks and steps on his premises." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph three of the syllabus. There is no such duty because "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Id. at paragraph two of the syllabus.
Plaintiffs' claims were based on allegations that French Village did breach a duty to Patricia because her injuries had been caused by an unnatural accumulation of snow or ice. An "unnatural accumulation" of snow is, by definition, one that is man-made. Porter v. Miller (1983), 13 Ohio App.3d 93, 95. Because accumulations of ice and snow are "regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the [property owner] that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow."Id.
The accumulation here was unnatural, according to the allegations in Plaintiffs' complaint, because French Village's agent had intervened by partially shoveling the sidewalk. As French Village correctly argued, however, the fact that a person has attempted to clear a sidewalk of snow will not, in and of itself, change a natural accumulation of snow into an unnatural one.
 When the top portion of a natural accumulation of snow and ice is removed, the accumulation of ice and snow remaining is still a natural accumulation. It is only where a landowner has superior knowledge of a hazardous condition greater than that which would ordinarily be anticipated from a natural accumulation of ice and snow or where the accumulation itself is unnatural that the landowner may have liability.
Coletta v. Univ. of Akron (1988), 49 Ohio App.3d 35, 37.
French Village argued that Patricia had no evidence that the snow on which she slipped was anything other than a natural accumulation of snow that remained after the sidewalk was shoveled or that had drifted back onto the sidewalk. To support its argument, French Village pointed to the deposition testimony of Patricia and the photographs of the scene taken shortly after the accident by Pamela Owens. This evidence demonstrated that the sidewalk had been partially cleared of snow, but that snow remained on part of it, including the area where Patricia slipped. Patricia described the snow on which she slipped as "packed," suggesting that people had walked over the accumulation of snow. In fact, Patricia admitted that she and her sister had walked across that same area without incident on her way to her mother's apartment. The pictures depict a sunny day and a clear view of the entire sidewalk. The snow on the sidewalk was open and obvious and appeared to be a natural accumulation that had been packed down by pedestrian traffic. This evidence was sufficient to demonstrate that the accumulation of snow was natural and that, therefore, French Village had no duty to remove it from the sidewalk.
Because French Village met its burden of demonstrating that there was no genuine issue of material fact, the burden shifted to Plaintiffs to point to specific facts to demonstrate that there remained a triable issue. Plaintiffs, however, submitted no brief in opposition to summary judgment. Consequently, the trial court did not err in granting summary judgment to French Village. The assignments of error are overruled.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
SLABY, P. J., BATCHELDER, J., CONCUR
[1] Although Plaintiffs assert in their appellate brief that they filed a response in opposition to summary judgment, no such filing appears in the record and the trial court indicates in its judgment that it never received a response.
[2] French Village apparently assumed that Patricia was an invitee and did not attempt to establish that she held a lesser status. The facts do not necessarily demonstrate, however, that Patricia was an invitee when she was injured. See Rios v. Shauck
(June 3, 1998), Lorain App. No. 97CA006753, unreported, at 3-4 (guest of tenant injured in a common area is a licensee).