OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas granting summary judgment to appellees, Local Union No. 14, U.A.W. and Point Place Lawn Care. Appellants, Jack Emert and Patricia J. Emert, appeal that judgment and assert the following assignment of error:
 "THE COURT ERRED IN GRANTING THE DEFENDANT-APPELLEES' [sic] MOTIONS FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST."
On January 4, 1996, at approximately, 4 p.m., Jack Emert drove to the Local Union No. 14, U.A.W. hall for the purpose of attending a union meeting. Emert had been going to the union hall for twenty years. The day was sunny, but the temperature was below freezing. It had snowed anywhere from a few days to four days before the incident. The snow on the flat, rather than inclined, parking lot was "pushed to the sides." Emert parked, got out of his van and walked toward the entrance to the union hall. As he walked, Emert was looking down; he didn't see any ice. The blacktop looked clear and dry. After he walked about ten feet, Emert slipped and fell. After he fell, Emert felt the cold on those portions of his body touching the blacktop and realized that it was ice. As a result of the fall, Emert suffered a broken ankle.
Emert and his spouse filed a complaint against appellees seeking damages arising from their alleged negligence. Appellees answered and later filed motions for summary judgment. These motions were denied. Based on affidavits filed in support of the memorandum in opposition to the motions for summary judgment, the court found that a genuine issue of material fact existed as to whether "Local No. 14 had superior knowledge of the hazardous condition greater than that which would ordinarily be anticipated from a natural accumulation of ice and snow or that the accumulation itself was unnatural." The affiants, two other union members, allegedly slipped on the union hall parking lot and informed Local No. 14 of the dangerous condition of the lot prior to Emert's fall.
After taking the depositions of the two affiants, John Billegas and Charles Carper, appellees each filed a motion for reconsideration of their respective motions for summary judgment. Point Place Lawn Care asserted that no evidence was offered by Jack Emert or his witnesses that the condition of the union hall parking lot was "unnatural" or in any way created by the lawn care company. Local No. 14 contended that, in their depositions, neither Billegas nor Carper stated that they saw ice on the parking lot where Jack Emert fell. In fact, Local No. 14 noted that Billegas admitted that he was not sworn in before he signed his affidavit and that he reported that the sidewalk, not the parking lot, was icy. Local No. 14 argued that the issue of notice was irrelevant in this case. Assuming notice was relevant, Local No. 14 contended neither of the witnesses observed ice on the parking lot and could not have, therefore, provided said notice to Local No. 14 personnel.
In its judgment entry granting the motions for reconsideration of the motions for summary judgment, the court held:
 "[Reasonable minds could only conclude: (1) Jack Emert's injuries resulted from his slip and fall on a natural accumulation of ice and snow; (2) neither Local 14 nor Point Place had superior knowledge of a hazardous condition greater than could be ordinarily anticipated from a natural accumulation of ice and snow; and (30 neither Local 14 nor Point Place negligently plowed the lot."
On appeal, appellants maintain that there is a genuine issue of material fact as to whether the plowing of the parking lot aggravated the presence of a natural accumulation of snow by leaving a layer of "invisible ice." Appellants also claim that Local No. 14 had notice of a dangerous latent condition (the invisible ice) on its premises and Jack Emert lacked knowledge of this condition. Therefore, appellants apparently argue that at least a question of fact exists on the issue of whether the union hall breached any duty owed to Emert.
This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
Appellants' premises liability complaint averred negligence on the part of the appellees. In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Federal Steel Wire Cord v. Ruhlin Constr. Co.
(1989), 45 Ohio St.3d 171, 173. The existence of a duty in a negligence action is usually a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees, such as Jack Emert, to remove natural accumulations of snow and ice from the premises or to warn invitees of the dangers associated with such natural accumulations of ice and snow. Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40. "It is only where a landowner has superior knowledge of a hazardous condition greater than that which would ordinarily be anticipated from a natural accumulation of ice and snow or where the accumulation itself is unnatural that the landowner may have liability."Coletta v. University of Akron (1988), 49 Ohio App.3d 35, 37, citing Mikula v. Slavin Tailors (1970), 24 Ohio St.2d 48. Appellants offered no evidence whatsoever to show that the ice upon which Jack Emert slipped was an unnatural accumulation. The lot was plowed the day before Emert's fall. Even if we could infer from the simple fact that the parking lot was plowed that Point Place Lawn Care left some incidental patches of ice, the remaining ice is still a natural accumulation. Coletta v. University ofAkron, 49 Ohio App.3d at 37. Additionally, appellants failed to offer any evidence that the ice was the result of thawing and re-freezing, leaving what could be deemed an "unnatural" accumulation of ice. SeeStinson v. Cleveland Clinic Foundation (1987), 37 Ohio App.3d 146.
Appellants also misunderstand the issue of notice. Viewing the evidence in a light most favorable to appellants, Carper notified Local No. 14 of the icy conditions in the parking lot about thirty minutes before Emert fell. Nevertheless, this fact does not create a genuine issue of material fact on the issue of a duty owed. It is only when the owner or occupier of a business premises is shown to have either actual or implied notice that the natural accumulation of ice and snow on the premises has created a condition substantially more dangerous to invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, that there is proof of actionable negligence. Mikula v. Slavin Tailors, 24 Ohio St.2d at paragraph five of the syllabus; Karcher v. Zeisler-MorganProperties, Ltd. (Dec. 26, 1996), Cuyahoga App. No. 70199, unreported.
As noted in Brinkman v. Ross (1993), 68 Ohio St.3d 82,84, "`the issue is not which party has the better appreciation of the snowy or icy condition of the sidewalk which was caused by the natural accumulation of snow and ice. As a matter of law, the guest [or invitee] is charged with sufficient knowledge of the hazards to be required to protect herself against falls.' In other words, although [the premises owner] knew of the hazardous condition created by the natural accumulation of ice and snow, so, too, as a matter of law, did their guests." Thus, the mere fact that Local No. 14 may have known about the natural accumulation of ice on its parking lot does not give it superior knowledge of the dangers posed by that ice. Under Ohio law, equal knowledge of those dangers is imputed to Jack Emert. Mikula v.Slavin Tailors (1970), 24 Ohio St.2d at 56; Pacey v. Penn GardenApts. (Feb. 19, 1999), Montgomery App. No. 17370, unreported. Therefore, Local No 14 had no greater knowledge of the dangers than Emert. Thus, the record of this case discloses no genuine issue of material fact and we can only come to one conclusion — that appellees did not have superior knowledge of an unreasonably dangerous condition different from that presented by natural accumulations of ice and snow generally.
For the foregoing reasons, this court concludes that the trial court did not err in granting the motions for summary judgment. Appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.