DECISION AND JOURNAL ENTRY
Appellants Dorothy and Robert Sutcliffe have appealed from an order of the Summit County Common Pleas Court that granted summary judgment against them and in favor of Goodwill Industries of Akron, Ohio (Goodwill). This Court affirms.
 I.
On the morning of February 15, 1997, Mrs. Sutcliffe visited Goodwill's store located on Arlington Road in Akron, Ohio. The weather was cold, and it had snowed the previous evening. After twenty minutes of shopping inside the store, she returned to the parking lot and a coat of freshly fallen snow. While the snow continued to fall, Mrs. Sutcliffe crossed the increasingly slippery lot and packed her purchases into the back seat of her car. She then turned, slipped and fell on a patch of ice.
On February 13, 1999, Appellants filed a complaint in the Summit County Common Pleas Court, alleging (1) that Goodwill had negligently maintained an unsafe condition in its parking lot, thereby causing Ms. Sutcliffe to sustain injuries, and (2) that Mr. Sutcliffe had suffered a loss of services as a result. After filing an answer and placing the case in issue, Goodwill moved for summary judgment, claiming that the accumulation of ice was natural and that it was not liable to Appellants as a matter of law. Appellants responded in opposition. On January 26, 2000, the trial court granted Goodwill's motion and entered summary judgment accordingly. Appellants timely appealed, asserting one assignment of error.
 II. Assignment of Error The trial court erred, to the prejudice of [Appellants], when it granted summary judgment dismissing their complaint.
In the presentation of their assignment of error, Appellants have raised two separate arguments: (1) that the icy patch upon which Mrs. Sutcliffe fell was an unnatural accumulation of ice, and as a result, Goodwill was negligent by permitting it to form; and, (2) in the alternative, even if the accumulation was natural, Goodwill had superior knowledge that the location of her fall had been rendered substantially more dangerous than that of the parking lot in general by the application of salt to certain areas. In support of their arguments, Appellants have directed this Court's attention to the deposition of Mrs. Sutcliffe and two affidavits executed by Mr. and Mrs. Sutcliffe, respectively. The affidavits indicate, among other things, that the ice had formed in a two-to-three inch deep and two-to-three feet wide depression in the parking lot, that a Goodwill employee had stated that she had salted the parking lot, except for the area in which Mrs. Sutcliffe fell, and that the remainder of the lot "appeared" ice-free.[1]
In response, Goodwill has argued that the frozen puddle was a natural accumulation and that a property owner has no duty to remove ice that has naturally accumulated on its premises. Goodwill has further argued that it was without notice of any condition in the parking lot that was substantially more dangerous than the lot in general. After reviewing the appropriate standard of review, this Court will address each argument in turn.
 A. Standard of Review
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In this case, the cold, hard facts are undisputed. Thus, while this Court's review is de novo, only the trial court's application of the law remains at issue.
 B. Natural Accumulations v. Unnatural Accumulations
It is axiomatic that in Ohio a property owner owes no duty to a business invitee to remove natural accumulations of snow and ice from sidewalks, steps and parking lots. Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph three of the syllabus; Jeswald v. Hutt
(1968), 15 Ohio St.2d 224, paragraph one of the syllabus ("One who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is * * * under no legal obligation * * * to remove a natural accumulation of snow and ice therefrom."). There is no such duty because "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Sidle, at paragraph two of the syllabus. On the other hand, a property owner may be liable for the unnatural accumulations of ice and snow where there is evidence of an intervening act by that owner which perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Porter v.Miller (1983), 13 Ohio App.3d 93, 95. An "unnatural accumulation" of ice is, by definition, one that is man-made. See id.
Appellants' claims are based on allegations that Goodwill breached its duty to Mrs. Sutcliffe because her injuries were caused by an unnatural accumulation of ice in an unrepaired depression in the parking lot. Appellants have cited Marshall v.Plainville IGA (1994), 98 Ohio App.3d 473, for the proposition that a property owner will incur liability if a construction defect on the premises exists for a sufficient time and causes injury by creating an artificial condition, such as an unnatural accumulation of ice. The accumulation in the instant case was unnatural, according to Appellants, because it formed in a depression, two-to-three inches deep and two-to-three feet square. In short, Appellants have asserted that when water accumulates in an unrepaired, two-to-three inch deep depression and becomes chilled below the point of freezing, the collection of ice therein is unnatural. This Court will not, however, engage in this slippery slope argument.
The Ohio Supreme Court once observed that that no liability will attach for insubstantial defects on a premises which are commonly encountered, are to be expected and which are not unreasonably dangerous. Raflo v. Losantiville Country Club
(1973), 34 Ohio St.2d 1, 4. Likewise, such reasoning demands that liability should not automatically attach when ice forms in an insubstantial, commonly encountered hollow in the center of a parking lot. The fact that a pool of ice has formed in a two-to-three inch depression will not, in and of itself, change the natural accumulation of ice into an unnatural one. In this Court's view, ice is ice, whether it has accumulated in a cracked depression in the center of a commercial parking lot or on a residential sidewalk which is entirely flat. So long as the depression and ice formations are not artificially cultivated or man-made, when the temperature dips below freezing, ice accumulation is natural. Thus, in order to survive a property owner's motion for summary judgment when ice has accumulated in a depression, an injured party, who has slipped on that ice, must show that the dimple in question was not an insubstantial defect commonly encountered and that the depression and/or patch of ice were man-made. Appellants have failed to so demonstrate. Their affidavits only show that there was a depression and the dimensions thereof. In fact, the affidavits are void of any indication that the depression in question was man-made or the result of any force other than nature. Conversely, Goodwill has relied on Mrs. Sutcliffe's deposition, wherein she admitted that it had snowed the previous evening and that, at the time of her fall, wintry conditions prevailed. In light of the foregoing, this Court holds that Appellants have failed to show that a genuine issue of material fact exists as to whether the patch of ice upon which Mrs. Sutcliffe fell accumulated naturally. The trial court's conclusion was not in error.
 C. Superior Knowledge
Appellants have alternatively argued that if the accumulation was natural, Ohio law has created an exception to the general rule barring recovery and that Goodwill should be liable nevertheless because it had superior knowledge of the danger presented. Specifically, Appellants have asserted that because an employee allegedly failed to salt the area in which Mrs. Sutcliffe fell, but applied salt to other regions of the parking lot, Goodwill was on notice that the location of her fall had been rendered substantially more dangerous than that of the parking lot in general.
In response, Goodwill has argued that the "superior knowledge" exception refers to an owner's knowledge of hidden dangers. Goodwill has also claimed that it had no knowledge of any dangerous condition in its parking lot. To support this position, Goodwill has pointed to the deposition of an employee of Goodwill, namely Irene Reiber, wherein she testified that no potholes, cracks or irregularities existed in the area in which Mrs. Sutcliffe fell. Goodwill also submitted the affidavit of Barry Parker, manager of security and safety for Goodwill, who averred that Goodwill had never received any complaints about the condition of the parking lot surface.
As noted previously, "an owner of property is not liable to business invitees for personal injuries caused by natural accumulations of snow and ice. The law presumes that reasonable people will naturally exercise caution when confronted with obvious dangers." (Citations omitted.) Carter v. Lorain Bd. ofEdn. (May 6, 1987), Lorain App. No. 4153, unreported, at 3. However, as this Court once observed, when ice has accumulated by natural means, a property owner shall be liable if that party had superior knowledge, i.e. notice, that the accumulation of ice created a condition substantially more dangerous to its business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area. Bozzelliv. Brucorp (Oct. 30, 1996), Summit App. No. 17886, unreported, at 5, fn. 2, citing Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, paragraph one of the syllabus. See, also,Mikula v. Slavin Tailors (1970), 24 Ohio St.2d 48, paragraph five of the syllabus ("Where an owner in control of a business parking area has notice, actual or constructive, that a natural accumulation of snow thereon has, by reason of covering a hole in the surface thereof, created a condition substantially more dangerous to a business invitee than that normally associated with snow, such owner's failure to correct the condition constitutes actionable negligence."). In other words, a property owner will be held liable for ice hazards caused by a natural accumulation of ice if that owner has superior knowledge of the injury causing hidden danger because an invitee may not reasonably be expected to protect himself or herself from such harm. See Bozzelli, supra, at 4-5, citing Coletta v. Univ. of Akron (1988),49 Ohio App.3d 35, 37.
In the present case, an examination of the record establishes that Mrs. Sutcliffe had the same knowledge of the hazards involved as any employee of Goodwill. The affidavit submitted by Goodwill's security and safety manager indicates that the store had never received any prior complaints regarding the condition of the parking lot. Moreover, in her deposition, Mrs. Sutcliffe readily conceded that she was aware that it had snowed the previous evening, that she had traversed the parking lot upon her arrival, and that it was snowing when she emerged from the store. Indeed, Mrs. Sutcliffe had traipsed over the same patch of ice only twenty minutes before her fall. This Court concludes, therefore, that, as a matter of law, Mrs. Sutcliffe's knowledge was no less than that of any Goodwill employee. See, e.g., Grabowv. Larned (Nov. 5, 1997), Summit App. No. 18365, unreported, at 5-6. This Court would further observe that the spreading of de-icing materials on certain portions of a parking lot will, as a matter of law, neither create a hidden danger nor impute superior knowledge thereof to a property owner. See id. Accordingly, Appellants' claim that Goodwill had "superior knowledge" of the frozen puddle is without merit.
 III.
Appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR
[1] Mr. Sutcliffe's affidavit contains averments regarding the condition of the parking lot upon his arrival. He was called to the scene after his wife's ill-fated tumble.