OPINION
{¶ 1} Plaintiff-appellant, Elizabeth Mayes, appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Sam Boymel and Rachel Boymel, d.b.a. R B Investments. We affirm the decision of the trial court.
 {¶ 2} On January 10, 1999, appellant visited Rick's Tavern and Grill ("Rick's"), which is located in Fairfield. Appellees own the parking lot outside of Rick's. Appellant testified in her deposition that it had snowed a few days prior, and that there was some accumulation. Appellant stated that she and a friend arrived at Rick's between 9:30 p.m. and 10:00 p.m. that evening. When appellant arrived, she parked her car in an area of the lot far away from Rick's entrance that had not been plowed. Appellant testified that the snow in the parking lot was more than an inch and less than a foot in depth, but the area directly in front of Rick's had been plowed. As appellant walked on the area that was plowed, she noticed that it was wet and slippery, but was not sure if there was ice on the ground.
 {¶ 3} Appellant testified that approximately four or five hours later, she decided to leave Rick's. When she exited the building, she stepped off the sidewalk in front of Rick's, and onto a portion of the parking lot which she previously described as having been plowed. After taking a few steps, appellant slipped and fell on a patch of ice, seriously injuring her arm.
 {¶ 4} On December 19, 2000, appellant filed an action against appellees seeking compensation for lost wages and for the injuries she suffered as a result of the slip and fall. On February 21, 2002, the trial court entered a decision granting summary judgment in favor of appellees. Appellant now appeals that judgment, raising a single assignment of error.
 {¶ 5} In her assignment of error, appellant raises two issues. First, she argues that appellees did not exercise ordinary care to render the lot reasonably safe for use by patrons. Second, appellant argues that there is a question of material fact as to whether or not the defendants created a hazardous condition by clearing the lot.
 {¶ 6} Appellant first argues that the owners of the parking lot undertook a duty to keep the premises clear of snow and ice for its patrons, and that appellees allowed water to drip off the slanted roof onto the parking lot which froze and created a hazardous condition, making them liable for her injuries. Appellant claims that there is a question of material fact as to whether or not appellees were negligent in failing in their assumed duty to keep the parking lot clear of snow and ice. Further, plaintiff submits that by plowing the parking lot, appellees created a more hazardous condition than if they had left the lot unplowed. Appellant claims that because appellees cleared the snow and allowed ice to form in its place, there is a question of material fact as to whether appellees created a more hazardous condition.
 {¶ 7} Our review of the trial court's summary judgment decision is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Civ.R. 56(C) provides that summary judgment is appropriate where "(1) [n]o genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. AppliedCompanies (1993), 67 Ohio St.3d 344, 346.
 {¶ 8} Where a motion for summary judgment is properly made and supported under Civ.R. 56(C), the nonmoving party may not rest upon its pleadings, but instead must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v.Burt, 75 Ohio St.3d 280, 287, 1996-Ohio-107.
 {¶ 9} To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77.
 {¶ 10} An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. However, an owner or occupier of property is not liable for injuries to its business invitees who slip and fall on natural accumulations of snow and ice.Debie v. Cochran Pharmacy-Berwick, Inc. (1976), 11 Ohio St.2d 38, 40. "Natural" accumulations of snow and ice are caused by inclement weather conditions, such as "low temperatures, strong winds, and drifting snow."Porter v. Miller (1983), 13 Ohio App.3d 93, 95. "Unnatural" accumulations of snow and ice are not caused by forces of nature, but instead are "man-made or man-caused." Id.
 {¶ 11} Typically, the dangers from natural accumulations of snow and ice are so open and obvious that an owner or occupier of property may reasonably expect that business invitees will discover those dangers and take measures to protect themselves. Brinkman v. Ross (1993),68 Ohio St.3d 82, 84; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus. However, an owner or occupier of property is negligent for failing to remove snow and ice if the owner has actual or constructive notice that snow and ice have created a condition more dangerous than an invitee could reasonably anticipate. Mikula v. SlavinTailors (1970), 24 Ohio St.2d 48, 56. To become liable, the owner must have some "superior knowledge" of the existing danger or peril. LaCoursev. Fleitz (1986), 28 Ohio St.3d 209, 210.
 {¶ 12} In the present case, appellant argues that appellees had actual or constructive notice that the snow and ice created a condition more dangerous than appellant could reasonably anticipate. Appellant bases this claim on evidence that the owner of Rick's often complained to appellees about the untimeliness of the clearing of the parking lot. Owners of property may be liable if they have superior knowledge of a hazardous condition greater than that which would normally be anticipated from a natural accumulation of ice. Coletta v. Univ. of Akron (1988),49 Ohio App.3d 35, 37.
 {¶ 13} We find no evidence that appellees had more knowledge of the icy condition than appellant. The record establishes that appellant arrived at Rick's between 9:30 p.m. and 10:00 p.m. Appellant testified that, at that time, the plowed portion of the parking lot was wet and slippery, but not frozen, and that she had no trouble walking on it. The record indicates that over the next four or five hours the wet portion of the parking lot froze. Appellant testified that the owner of Rick's told her that he informed appellees of the condition of the parking lot and of appellant's slip and fall only after the incident occurred. There was also some testimony that the owner of Rick's was often not satisfied with the manner in which appellees had removed the snow and ice from the parking lot. However, appellees had no knowledge that the condition had become more dangerous between the time appellant arrived at Rick's and the time she left.
 {¶ 14} Further, appellant is an adult and has lived in Ohio her entire life. Previously, this court has found that "snow and ice are a part of wintertime life in Ohio and hazardous winter weather conditions and their attendant dangers are to be expected in this part of the country." Plymdale v. Sabina Public Library (Dec. 21, 1987), Clinton App. No. CA87-02-005, 1987 WL 30343, at *2. Appellant knew that the condition of the parking lot was wet and slippery when she entered Rick's, and a reasonable person living in Ohio should be aware that in the wintertime a wet and slippery condition can quickly become an icy and potentially dangerous condition. We find that appellant had as much knowledge of the condition, if not more knowledge, than appellees.
 {¶ 15} Next, appellant argues that appellees undertook a duty to keep the parking lot clear of snow and ice by plowing the area directly in front of the entrance to Rick's, and that appellees were negligent in failing to perform their duty. Once owners of property make efforts to remove natural accumulations of snow and ice, they are under a duty to their business invitees to do so in a reasonable manner. Stanger v.Waterford Tower Co. (Aug. 25, 1994), Franklin App. No. 94APE03-371, 1994 WL 463786, at 3. To prove a breach in a case where an owner of property has assumed such a duty, the appellant must show "that the owner removed the snow and ice in a manner inconsistent with what a reasonable person would have done under similar circumstances." Davis v. The TimberOwners' Assn. (Jan. 21, 2000), Hamilton App. No. C-990409, 2000 WL 43709, at *2.
 {¶ 16} Nothing in the record shows that appellees were negligent in the removal of the snow and ice in front of the entrance to Rick's. Appellant testified in her deposition that she had no trouble walking on the plowed portion of the parking lot when she first arrived at Rick's between 9:30 p.m. and 10:00 p.m. She stated that the pavement was wet and a little slippery, but that it was not frozen. Because ice will inevitably be present when temperatures are below freezing in the wintertime, owners of property are not subject to increased exposure to liability simply because the residual water re-froze on the ground after they have made a reasonable effort to clear the area of snow and ice. See Davis. We find that appellees did not breach their duty to keep the parking lot reasonably safe for their business invitees. Persons who plow snow are not negligent merely because ice remains after snow is cleared. Id.
 {¶ 17} Appellant also argues that the accumulation of ice in the parking lot was an unnatural accumulation because the roof was slanted, there were no gutters on the building, and the parking lot was sloped. An owner of property may be liable for negligently causing or permitting an unnatural accumulation of ice and snow. Lopatkovich v. City ofTiffin (1986), 28 Ohio St.3d 204, 207.
 {¶ 18} The evidence shows that the roof of Rick's is slanted and there are no gutters on the building. When it rains or snow melts, water drips onto the parking lot in front of the building. However, a roof without a gutter does not make the natural conditions of rain, ice, and snow unnatural. Bach v. Gatsby Saloon, Inc. (June 1, 1995), Franklin App. No. 94APE12-1781, 1995 WL 326202, at 3; Bartholic v. AmericanElectric Power Service Corp. (June 29, 1993), Franklin App. No. 93APE-245, 1993 WL 271038. To show actionable negligence, a plaintiff must prove that the owner of the property committed some act of negligence or exhibited greater knowledge of the hazardous condition. Id. We have already determined that appellees were not negligent, nor did they have superior knowledge of the hazardous condition. In addition, the fact that the parking lot is sloped does not make the natural condition of ice and snow unnatural. Jeswald v. Hutt (1968), 15 Ohio St.2d 224,239.
 {¶ 19} In fact, courts have held that when the top portion of a natural accumulation of snow and ice is plowed, the accumulation of snow and ice that remains is still a natural accumulation. See, e.g.,Coletta, 49 Ohio App.3d at 37; DeSalvo v. Edward J. DeBartolo Corp.
(Dec. 16, 1998), Mahoning App. No. 96 CA 229; Community Ins. Co. v.McDonald's Restaurants of Ohio, Inc. (Dec. 11, 1998), Montgomery App. Nos. 17051 and 17053. Plowing a parking lot to remove a natural accumulation of snow and ice does not change the nature of the accumulation from natural to unnatural. See Coletta. Also, courts have held that the thawing and re-freezing of snow is a natural accumulation. See DeSalvo.
 {¶ 20} We hold that the hazardous condition was a result of nothing other than a natural accumulation of ice. Appellees made a reasonable attempt to keep the property reasonably safe for business invitees, and were not negligent in doing so. The condition was open and obvious, and appellees did not have superior knowledge that the parking lot they had kept clear of snow and ice, at least until 9:30 p.m., had become more dangerous by 1:30 a.m.
 {¶ 21} In the second issue raised by appellant, she argues that appellees made the parking lot more dangerous by plowing it, and that if they had left the premises unplowed, appellant would not have fallen and injured herself. We find this argument equally unpersuasive. In making this argument, appellant seems to suggest that owners of property should allow snow and ice to accumulate rather than to make a reasonable attempt to keep their premises safe for their business invitees by plowing natural accumulations of snow and ice. Several courts have already rejected this argument, refusing to discourage owners of property from using diligence and ordinary care in maintaining their property in a reasonable and safe manner. See, e.g., Walters v. Middletown PropertiesCo., Butler App. No. CA2001-10-249, 2002-Ohio-3730; Yanda v. ConsolidatedManagement, Inc. (Aug. 16, 1990), Cuyahoga App. No. 57268; CommunityIns. Co., Montgomery App. Nos. 17051 and 17053. Owners of property are only liable when their actions make the condition worse, such as assuming a duty and then acting negligently to make the condition more dangerous. See Community Ins. Co. We have already found that appellees were not negligent in their attempts to make the parking lot safe for its business invitees by plowing the parking lot.
 {¶ 22} We find that as a matter of law, there was no genuine issue of material fact as to whether appellees acted negligently in their attempt to keep the premises in a reasonably safe condition for business invitees. Even construing the evidence in favor of appellant, appellees are entitled to a judgment as a matter of law because appellant has failed to establish that appellees breached their duty of care to her. The trial court did not err in granting summary judgment. Appellant's assignment of error is overruled.
 {¶ 23} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.