

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00336-CV

| | | |
|---|---|---|
| Linda Lough | § | From the 48th District Court |
| | § | of Tarrant County (048-254814-11) |
| v. | | |
| | § | March 21, 2013 |
| James Pack and Betty Pack | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellant Linda Lough shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel


LINDA LOUGH                                                    APPELLANT

V.

JAMES PACK AND BETTY PACK                                      APPELLEES

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Linda Lough appeals the trial court's order granting summary judgment for appellees James Pack and Betty Pack. We affirm.

### Background Facts

Linda Lough and James and Betty Pack were friends. On February 9, 2011, James Pack picked Lough up from her house and took her to the Packs'

---

[1]*See* Tex. R. App. P. 47.4.

house for a visit. There had been an ice storm the day before, and there was ice on the ground. When Lough left the Packs' house, she left through a side door onto the porch. She slipped on ice that had accumulated from the storm and broke her ankle.

Lough sued the Packs for gross negligence. The Packs filed a traditional motion for summary judgment, arguing that under *Scott & White Memorial Hospital v. Fair*, 310 S.W.3d 411 (Tex. 2010), naturally accumulating ice is not, as a matter of law, an unreasonably dangerous condition; therefore, it cannot be the basis of a premises liability suit. Lough also filed a motion for summary judgment on her claim. The trial court granted the Packs' motion, denied Lough's, and dismissed Lough's claims. This appeal followed.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to

2

summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

### Premises Liability

Premises liability is a form of negligence in which the duty owed to a plaintiff depends on the plaintiff's status. *Scott & White*, 310 S.W.3d at 412. A plaintiff can be an invitee, a licensee, or a trespasser. *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no pet.). The Packs argue that Lough was a licensee; Lough argues that she was an invitee. Under both standards, Lough is required to show that she was injured by "a condition on the land that creates an unreasonable risk of harm." *See Scott & White*, 310 S.W.3d at 412; *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). Because we can resolve Lough's issues on this ground, we need not determine whether she was an invitee or a licensee.

3

## Discussion

In Lough's first three issues, she argues that the trial court erred by granting summary judgment for the Packs based on the ruling in *Scott & White* that naturally occurring ice is not an unreasonably dangerous condition. In her fifth issue, Lough argues that the trial court erred by not granting her motion for summary judgment.

In *Scott & White*, the plaintiff slipped and fell on ice from a winter storm on the road that separated the hospital and the parking lot. 310 S.W.3d at 412. The court held that naturally occurring ice does not present an unreasonable risk of harm unless there is "assistance or involvement of unnatural contact." *Id.* at 414. Ice that "accumulate[d] as a result of an act of nature" is beyond the premises owner's control. *Id.* at 415 (quoting *Coletta v. Univ. of Akron*, 49 Ohio App. 3d 35, 36 (1988)). Ice that accumulated by "causes and factors *other than* the inclement weather conditions" is an unnatural accumulation that may form the basis of a premises liability claim. *Id.* (quoting *Porter v. Miller*, 468 N.E.2d 134, 136 (Ohio Ct. App. 1983)). For example, frozen liquid that leaked from a vending machine made unnatural ice that could support a premises liability action. *See Furr's, Inc. v. Logan*, 893 S.W.2d 187, 189, 191–92 (Tex. App.—El Paso 1995, no writ.). In *Scott & White*, the defendant established that the ice was in its natural state and the plaintiff was barred from recovery. 310 S.W.3d at 415.

In the present case, James Pack testified that the ice that Lough slipped on was caused by "[t]he weather" and that he did not have leaky pipes or had not

4

thrown water outside to freeze. Lough does not dispute James Pack's testimony and points to nothing in the record showing that the ice came from an unnatural source. The ice, therefore, was a natural accumulation, and it cannot support Lough's cause of action.

Lough's attempts to distinguish *Scott & White* are unpersuasive. There is nothing in the analysis in *Scott & White* that limits its application to commercial property, and we see no reason to conclude that natural ice transforms into an unreasonably dangerous condition simply because it accumulated on private property instead of a commercial parking lot. Neither does the Packs' actual knowledge of the ice, a separate element of her claim, somehow alleviate Lough's burden to prove that she was harmed by an unreasonably dangerous condition. *See id.* at 415–16 (rejecting the plaintiff's contention that a premises owner should be liable when he has notice that a natural accumulation of ice has "created a condition substantially more dangerous than a business invitee should have anticipated"). Because an essential element of Lough's claim has been negated, she is precluded from recovery. We overrule her first, second, third, and fifth issues.

In her fourth issue, Lough complains that she is entitled to pursue her claim because she is a third-party beneficiary of the Packs' homeowner's policy. She also raises the constitutionality of the lower court's holdings. There are no pleadings to support Lough's contention that she is a third-party beneficiary, and she did not raise these issues in the trial court. Lough has thus waived these

5

arguments. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). We overrule Lough's fourth issue.

## Conclusion

Having overruled Lough's five issues on appeal, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  March 21, 2013