BRINKMAN ET AL., APPELLEES, *v.* ROSS ET AL., APPELLANTS.

[Cite as *Brinkman v. Ross* (1993), 68 Ohio St.3d 82.]

(No. 92–1909—Submitted November 9, 1993—Decided December 29, 1993.)

*John S. Kuhn,* for appellees.

*John C. Nemeth* and *David A. Caborn,* for appellants.

*Murray & Murray, L.P.A., John T. Murray* and *Alicia Wolph,* urging affirmance for *amicus curiae,* Ohio Academy of Trial Lawyers.

*Isaac, Brant, Ledman & Teetor, Charles E. Brant, Steven G. LaForce* and *Barbara L. Kozar,* urging reversal for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

---

DOUGLAS, J.  In Ohio, it is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow.  In *Debie v. Cochran Pharmacy–Berwick, Inc.* (1967), 11 Ohio St.2d 38, 40 O.O.2d 52, 227 N.E.2d 603, paragraphs one and two of the syllabus, this court held that:

"1.  When the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

"2.  The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."

In *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraphs one, two and three of the syllabus, we held that:

"1. An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.

"2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them.   * * *

"3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises.   * * *"

The underlying rationale in both *Debie* and *Sidle, supra,* is that everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow.

The case at bar involves the duty of a homeowner to a social guest with regard to natural accumulations of ice and snow on private sidewalks or walkways on the homeowner's premises.[1]  In our judgment, there is no reason why we should now hold that a homeowner owes a duty to his or her social guest to remove natural accumulations of ice and snow from sidewalks and walkways, or that the homeowner must warn the guest of the natural hazard, when a similar duty has not been imposed upon owners or occupiers of land with respect to business invitees.  Furthermore, we agree with Judge McCormac's dissenting opinion in the court of appeals wherein he stated, "[t]he issue is not which party has the better appreciation of the snowy or icy condition of the sidewalk which was caused by the natural accumulation of snow and ice.  As a matter of law, the guest is charged with sufficient knowledge of the hazards to be required to protect herself against falls."  In other words, although appellants knew of the hazardous condition created by the natural accumulation of ice and snow, so, too, as a matter of law, did their guests.

---

1. This case involves the very narrow issue of a homeowner's liability to a social guest with respect to injuries occasioned by a slip and fall incident on a private sidewalk or walkway on the homeowner's premises resulting from a natural accumulation of ice and snow.  This case does not involve any other type of hazard or any other set of circumstances.  Therefore, while we take note that the court of appeals created an exception to the general rule of homeowner liability, which the court of appeals held to be applicable in all cases regardless of the hazard involved, we make no comment thereon.

Living in Ohio during the winter has its inherent dangers. Recognizing this, we have previously rejected the notion that a landowner owes a duty to the general public to remove natural accumulations of ice and snow from public sidewalks which abut the landowner's premises, even where a city ordinance requires the landowner to keep the sidewalks free of ice and snow. See *Lopatkovich v. Tiffin* (1986), 28 Ohio St.3d 204, 206–207, 28 OBR 290, 292–293, 503 N.E.2d 154, 156–157. It is unfortunate that Carol Brinkman slipped and fell on appellants' sidewalk. Perhaps appellants should have shoveled and salted the sidewalk as a matter of courtesy to their guests. However, we find that Ohio law imposed no such obligation upon appellants, and we are unwilling to extend homeowner liability to cover slip-and-fall occurrences caused entirely by natural accumulations of ice and snow. To hold otherwise would subject Ohio home-owners to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local "welcome wagon."

We recognize that the court of appeals held that the duty to remove the ice and snow and to warn of the hazard applies only to a homeowner who is aware of the hazard presented by the natural accumulation of these elements, and who further expects an expressly invited guest to visit the premises at an appointed time. However, even under these circumstances, questions of fact would arise necessitating trial in most cases involving the slip and fall of a social guest on natural accumulations of ice and snow. Moreover, the effect of such a holding on the cost of insurance coverage alone weighs heavily in favor of our rejecting a radical extension of homeowner liability with regard to natural accumulations of ice and snow.

Accordingly, we hold that a homeowner has no common-law duty to remove or make less hazardous a natural accumulation of ice and snow on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the inherent dangers presented by natural accumulations of ice and snow. Therefore, appellants were entitled to judgment as a matter of law since their failure to remove the ice and snow, or to warn the Brinkmans of the natural hazard, does not give rise to a claim for negligence.

*Amicus* Ohio Academy of Trial Lawyers has invited us to abolish any and all distinctions that may currently exist in Ohio regarding the duties owed by landowners to those classified in the law as "social guests," as opposed to those classified as "business invitees." However tempting that choice may be, we determine there is no distinction between the duties of a homeowner to a social guest on the one hand and to a business invitee on the other hand concerning natural accumulations of ice and snow on sidewalks or walkways on the home-owner's premises. Whatever the classification of the entrant upon the premises,

there exists no duty for the homeowner to remove or make less hazardous natural accumulations of ice and snow. Thus, this particular case is not the appropriate vehicle to consider the position urged by *amicus*.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.