OPINION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a slip and fall case. Because no genuine issues of material fact remain in dispute and appellee was entitled to judgment as a matter of law, we affirm.
Appellant, Sandra Fox, sued for injuries sustained to her right ankle when she fell outside a restaurant owned by appellee, Bennett Food Services. Appellant stated, during a discovery deposition, that she slipped on ice which was covered by a puddle of water in appellee's parking lot, this occurred on March 5, 1996.
Appellee answered and moved for summary judgment on the basis that appellant had failed to present any evidence that the ice and water were anything other than natural accumulations due to the weather. Although appellant was granted an extension of time, she ultimately failed to file any response to the motion. Consequently, the trial court granted summary judgment in favor of appellee. Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT AWARDED BENNETT FOOD SERVICES SUMMARY JUDGMENT."
 The standard of review for summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
A party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact on one or more essential elements of his opponent's case. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets his initial burden, the nonmoving party must then point to some evidence in the record showing the existence of a material fact, and not simply rely on the allegations or denials in his pleadings. Id.; Civ.R. 56(E). If the nonmoving party fails to meets its reciprocal burden, summary judgment is appropriate. Id.
A premises owner is not responsible for a slip and fall injury caused by natural accumulation of ice and snow. SeeBrinkman v. Ross (1993), 68 Ohio St.3d 82, 83; Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 41. If the accumulation is natural, no duty exists to remove the accumulation or to render it less dangerous. Id. Moreover, the plaintiff's knowledge of the general condition of iciness is sufficient to warrant an adverse summary judgment although the particular danger was hidden. See Brinkman, supra, at 84. Conversely, a duty may arise if the accumulation was "unnatural" or "improper," meaning that other circumstances exist that create a hazard substantially more dangerous to a business invitee than that normally associated with the weather conditions. Mikula v. Tailors (1970), 24 Ohio St.2d 48, paragraphs five and six of the syllabus.
In this case, no evidence was presented that the puddle or ice was anything other than a natural accumulation. Appellant testified that the parking lot was well-lit and her view was unobstructed. In addition, appellant acknowledged in her deposition that the weather had been freezing and thawing that day. Consequently, this knowledge should have caused her to recognize that the parking lot surface might be slippery.
Additionally, appellant testified that she saw the puddle, but chose to walk through it instead of around it. Appellant failed to show that appellee had any duty to remove the natural accumulation of water or ice. Therefore, no genuine issues of material fact were in dispute and appellant was entitled to judgment as a matter of law.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE Melvin L. Resnick, J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE CONCUR.