DECISION
Stacey R. Lewis, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment in favor of Wendy's International, Inc., defendant-appellee. We affirm.
On January 5, 1996 between 11:00 a.m. and 1:00 p.m., appellant went to a "Wendy's Old Fashioned Hamburgers" restaurant ("Wendy's") owned by appellee. She was accompanied by her fiance, James Finn. Appellant stated in her deposition that: "I was walking out of Wendy's after eating, and I just slipped and fell. * * * I was walking down the sidewalk and slipped and fell down the wheelchair ramp." Appellant described the weather conditions as being "cold" and that the condition of the walkway was "slippery." Appellant also stated that the sidewalk had a "snow mixture with slush, slippery, a little bit of ice" and had not been shoveled. Finn described the "weather conditions concerning the ground" as "snow, slush or ice * * * between one and one-half to two inches on the ground."
Appellant filed a complaint against appellee on January 8, 1998, alleging that her fall "was the direct and proximate result of the intentional, reckless actions" of appellee. Appellee filed a motion for summary judgment on August 11, 1998, arguing that: (1) appellant's complaint is barred by the statute of limitations pursuant to R.C. 2305.10(A); and (2) appellant's fall was caused by the natural accumulation of ice and snow. The trial court granted appellee's motion finding that appellant "failed to file her complaint within the applicable statute of limitations [and appellee] owed no duty to [appellant] to remove natural accumulations of ice and snow." Appellant appeals this decision and presents the following two assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON BEHALF [OF] APPELLEE-WENDY'S, WHEN JUDGMENT IS PREMISED UPON THE RUNNING OF THE STATUTE OF LIMITATIONS OF RC § 2305.10, TO THE PREJUDICE OF PLAINTIFF-APPELLANT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON BEHALF OF APPELLEE-WENDY'S WHEN THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE EXISTING WEATHER CONDITIONS EXCEEDED NATURAL ACCUMULATION OF ICE AND SNOW, THEREBY CREATING A CONDITION WHICH WAS NOT OPEN AND OBVIOUS TO APPELLANT, AND APPELLEE-WENDY'S OWED APPELLANT A DUTY TO WARN OF SAID CONCEALED DANGEROUS CONDITION.
We will first address appellant's second assignment of error. Appellant argues in her second assignment of error that a genuine issue of material fact exists concerning whether her fall was caused by appellee's negligence. We disagree.
Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; Gismondi v. MT Mortgage Corp. (Apr. 13, 1999), Franklin App. No. 98AP-584, unreported (1999 Opinions 736, 739), discretionary appeal not allowed (1999), 86 Ohio St.3d 1466.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos.
(1993), 67 Ohio St.3d 344, 346. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Baker v. The Buschman Co. (1998), 127 Ohio App.3d 561,566.
The Ohio Supreme Court has directly addressed the question of injuries sustained by business invitees caused by slipping on ice and snow that has naturally accumulated.
 In Ohio, it is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow.
* * *
 "2. The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."
* * *
 "1. An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
 "2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them * * *."
Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83-84, quoting Debie v.Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, paragraph two of the syllabus, and Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraphs one and two of the syllabus.
In the present case, it is undisputed that: (1) appellant was a business invitee; (2) a natural accumulation of "snow, slush, and some ice" covered the section of sidewalk where appellant slipped; and (3) appellee had not attempted to clear its sidewalks. Additionally, appellant knew that the sidewalk was slippery prior to her accident. Appellant stated in her deposition:
 Q. * * * You told your lawyer that when he asked you questions, that you let [employees of appellee] know it was slippery outside?
A. Yes.
 Q. Did you do that before you fell, when you were coming in?
A. Yes.
 Q. So you told someone there that, hey, it's slippery outside?
A. Yes.
 Q. So you already knew it was slippery when you went back out and actually slipped?
A. Yes.
Accordingly, after having reviewed the evidence and having considered the Ohio Supreme Court's clear pronouncements concerning injuries sustained by business invitees caused by slipping on ice and snow that have naturally accumulated, we find that appellee was entitled to judgment as a matter of law concerning its liability towards appellant.
Appellant also presents the argument that appellee is liable because:
 * * * Wendy's caused an unobvious, unopen, and unknown danger, greater than the reasonable danger created by the mere accumulation of ice and snow, when it engaged in using a rug in its entrance/exit area of its restaurant, which caused and/or contributed to Appellant's fall.
Finn stated in his deposition:
 That the exterior or interior of [appellee's] building did not contain or use any signs warning patrons of the water on the rug, nor of dangers that water from the rug may cause to a patron, whether upon entering or leaving the building. [Sic] This includes that no signs were [sic] present warning patrons that water from the rug, on the bottom of their footwear, may form an icy surface or condition on the shoes between the sole of the shoes and the snow, slush and ice, when the footwear the were wearing came into contact with the snow, slush and ice, making the weather conditions more slippery than said conditions normally would be expected.[1]
Appellant claims that "the water from the wet rug is what made the snow, slush and ice, substantially more dangerous, than would exist under `natural accumulation conditions.'" (Emphasis sic.)
While the concept of snow, slush and ice being made "more slippery" or "substantially more dangerous" because of an "icy surface or condition on the shoes between the sole of the shoes and the snow" is an interesting argument, we find that this does not create a genuine issue of fact. Stepping out of a heated building, walking across a wet surface, and then walking through a natural accumulation of snow, ice, and slush, certainly must be considered one of "the dangers associated with such natural accumulations of ice and snow." Brinkman, at 83. Therefore, we find that the fact that appellant walked across a wet carpet prior to leaving appellee's premises does not create a cause of action in the present case. "Living in Ohio during the winter has its inherent dangers. * * * To hold otherwise would subject Ohio home-owners to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local `welcome wagon.' " Id. at 85. Appellant's second assignment of error is overruled.
Appellant argues in her first assignment of error that the statute of limitations does not preclude her from bringing a cause of action against appellee. Appellant filed her complaint more than two years after the date of her accident. Appellant claims that her reckless intentional tort and nuisance claims are not governed by R.C. 2305.10. Appellant further argues that she did not discover some of her injuries until several months after the accident, and that the discovery rule applies in personal injury cases. However, we do not need to address appellant's arguments in this assignment of error because they are made moot by our disposition of her second assignment of error. App.R. 12(A) (1) (c). Appellant's first assignment of error is overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and BOWMAN, J., concur.
[1] We note that Finn also stated that the interior area of appellee's building "did contain a warning sign on the tile floor stating `slippery when wet * * *'."