OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Cheryl Collier, appeals the trial court's judgment entry granting appellees' motions for summary judgment.
The record demonstrates that appellant was exiting the premises of appellee Biagio Cappadonna, d.b.a. Biagio's Donut Shop ("the donut shop"), located at 35475 Vine Street, Eastlake, Ohio, when she fell on a patch of ice. The fall occurred after walking back to her vehicle and on premises owned by appellees, Melvin Andrews, Scott M. Andrews Partnership, and USA Management Company ("Andrews-USA"). Appellee Biagio was the lessee of premises owned and managed by Andrews-USA. As a result of the fall, appellant suffered broken bones in her right leg. The accident occurred on February 3, 1996.
On January 27, 1998, appellant filed a complaint in the Lake County Court of Common Pleas. The complaint alleged that appellees were responsible for permitting the unnatural accumulation of clear ice, which resulted from the defective design or maintenance of the building owned by Andrews-USA.
In a deposition taken July 1, 1998, appellant stated that the accident occurred between 12:00 p.m. and 1:00 p.m., on a clear, sunny day. Appellant further indicated that although there was snow on the ground, there was no snow or ice on the roads. Also, she testified that the parking lot for the place in question appeared clear. Upon parking her vehicle and walking to the donut shop, appellant did not pay attention to the conditions of the sidewalk and did not know whether there was ice and snow on it. On her way to the donut shop, appellant did not have any problems walking on the pavement. Once inside the donut shop, appellant remained there approximately three to four minutes before leaving.
Upon leaving the store, appellant began walking back toward her car and fell. However, appellant was unable to remember the exact place of the fall and could not estimate the number of feet she had traveled after leaving the donut shop. Even after viewing four pictures of the premises, appellant was completely unable to identify the location where she had fallen. Appellant simply stated that she fell someplace between the store and her vehicle. She could not say whether she was halfway or a quarter of the way. She further could not identify where she fell on the sidewalk, which was apparently a few feet wide. Appellant also conveyed that she never saw any sign of ice or snow on the sidewalk at any time. Finally, appellant has lived in Northeast Ohio for her entire life and admitted being familiar with wintertime conditions.
On October 8, 1998, appellees Biagio and Andrews-USA filed separate motions for summary judgment. Appellant filed her brief in opposition to the motions for summary judgment on November 5, 1998. Attached to her brief in opposition, appellant included a letter from Robert Seiler ("Seiler"), a roofing consultant, who wrote a letter stating that he was of the "opinion that a gutter should have been installed along the eave portion of the roof/canopy structure extending the length of the building frontage." In his letter, Seiler further conveyed that "under certain conditions, an excessive amount of snow could accumulate" which could create "an unsafe surface on the pedestrian walk that necessitates special attention during freezing temperatures."In a judgment entry dated January 26, 1999, the trial court granted appellees' motions for summary judgment. Appellant timely filed the instant appeal, raising the following assignment of error:
 "[The] trial court erred when it granted [appellees'] motions for summary judgment, where there remained genuine issues of material fact to be litigated in the case."
 In this assignment of error, appellant avers that summary judgment was not appropriate since appellant presented the report of an expert and her own deposition testimony which indicated that there was a potential unnatural accumulation of ice on the sidewalk as the possible result of a defectively made roof and gutter system. Appellant further claims that she presented enough evidence for there to be a question concerning whether the sidewalk was negligently maintained.
A motion for summary judgment is governed by Civ.R. 56. Summary judgment must be rendered when "there is no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Summary judgment must not be rendered unless "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Id. If the moving party satisfies its initial burden to identify those portions of the record demonstrating the absence of a genuine issue of fact on a material element of the nonmoving party's claim, then the nonmoving party bears the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). Dresher v. Burt (1996), 75 Ohio St.3d 280,296. If the nonmoving party is unable to satisfy this burden, then summary judgment is proper. Id.
With regard to the issue before this court, the general rule in Ohio is that an occupier or owner of land does not owe a duty to warn invitees of open and obvious dangers on the property.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-204. Specifically, it is well-established in Ohio that an owner or occupier of land owes no duty to warn business invitees of the dangers of natural accumulations of snow or ice or to remove them. Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83. The underlying rationale is that "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." Id. at 84.
However, there are two exceptions which exist that will make an owner or occupier liable for accidents occurring as a result of ice or snow accumulations on his or her property. First, liability will exist in actionable negligence when the owner or occupier of business premises is shown to have actual or implied notice that the natural accumulations of snow and ice on his property have created a condition substantially more dangerous to his or her business invitees than they should have anticipated by reason of their knowledge of conditions generally prevailing in the area. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 41. Second, liability will arise when an owner or occupier of land is "actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow and ice."Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 207.
In the case sub judice, appellant has presented no evidence indicating that appellees had actual or implied notice of snow and ice accumulations creating a condition substantially more dangerous than business invitees would anticipate. Indeed, appellant did not have any difficulty walking to the donut shop's shop and stated in her deposition that she never saw any sign of ice or snow on the sidewalk at any time. Moreover, it was a clear, sunny day and was not snowing. There was no evidence produced which indicated the presence of a "substantially more dangerous condition" or that even if one existed, of which appellees had actual or implied notice. Thus, appellant's claim fails under the first exception to the general rule against liability.
Under the second exception, appellant was required to submit evidence that appellees were actively negligent in permitting and/or creating a dangerous accumulation of snow or ice. In advancing this theory, appellant only produced the letter written by Seiler, who is a roofing consultant, aside from her deposition testimony. In that letter, Seiler states that the roof gutter should have been installed across the entire length of the building frontage. Seiler further claimed that, in his opinion, an excessive amount of snow could accumulate causing an unsafe surface on the pedestrian walk in places where melting snow could drop onto the walkway.
Fatal to appellant's case on this point is the fact that she was wholly unable to recall where she fell. During her deposition, she could not even remember a clear approximation of where the accident occurred. Accordingly, appellant's expert was not able to discuss any problems with the condition of the roof in the particular place where appellant fell. Consequently, the lack of appellant's memory as to where the accident occurred precludes evidence from being presented that would link the condition of the roof to the surface of the sidewalk where she fell.
Moreover, Seiler is, at most, qualified to provide expert opinion on roofing and gutter construction, not on snow or ice accumulations. Indeed, Seiler's report, even if taken at full value, fails to make any express conclusions between appellant's accident and the nature of the roof and sidewalk, and does not provide any indication of where she fell. Thus, the report does not provide a nexus between appellant's fall and the condition of the building. In fact, appellees may have been negligent in some regard, but any such negligence was not linked to the damages claimed. Hence there was no proximate cause established. Therefore, appellant failed to satisfy the second exception.
Based on the evidence contained in the record before this Court, we conclude that the trial court did not err in granting summary judgment in favor of appellees since, construing the evidence most strongly in favor of appellant, reasonable minds could only conclude that there was no genuine issue of material fact concerning appellees' lack of negligence regarding the condition of the sidewalk. Thus, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs, O'NEILL, J., dissents with Dissenting Opinion.