JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. While delivering mail, on January 9, 2001, appellant, Ernest Phillips ("Mr. Phillips"), slipped and fell on a patch of ice at the residence of appellees, Gloria and Lawrence Goldstein (the "Goldsteins"). After Mr. Phillips recovered from the surgery to repair his broken ankle from the fall, he and his wife, Tonya, filed their suit against the Goldsteins alleging, inter alia, that the Goldsteins negligently maintained their residence and caused them injury. After the parties submitted their briefs, the trial court granted summary judgment to the Goldsteins.
 {¶ 2} For their sole assignment of error, appellants, Mr. and Mrs. Phillips ("appellants"), contend that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether Mr. Phillips' fall was the result of an unnatural accumulation of ice, which was a danger he could not have anticipated. Appellants' contention, however, lacks merit.
 {¶ 3} First, summary judgment is appropriate when:
 {¶ 4} "(1) there is no genuine issue of material fact,
 {¶ 5} "(2) the moving party is entitled to judgment as a matter of law, and
 {¶ 6} "(3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to judgment as a matter of law." Serrano v. McCormack BaronManagement, Inc. (Dec. 7, 2000), Cuyahoga App. No. 77970, *11-12, quotingZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201.
 {¶ 7} Second, it is well-established in Ohio that the dangers from natural accumulation of ice and snow are ordinarily obvious enough that any landowner may reasonably expect an individual on the premises to act to protect themselves against such conditions. Brinkman v. Ross (1993),68 Ohio St.3d 82, 85, 623 N.E.2d 1175; Evans v. Dianna's DeliRestaurant, Cuyahoga App. No. 81746, 2003-Ohio-1173, ¶ 20; Flint v.The Cleveland Clinic Foundation, Cuyahoga App. Nos. 80177 and 80478,2002-Ohio-2747, ¶ 17. The Brinkman court stated as follows:
 {¶ 8} "Living in Ohio during the winter has its inherent dangers. Recognizing this, we have previously rejected the notion that a landowner owes a duty to the general public to remove natural accumulations of ice and snow from public sidewalks which abut the landowner's premises, even where a city ordinance requires the landowner to keep the sidewalks free of ice and snow. * * * It is unfortunate that Carol Brinkman slipped and fell on appellants' sidewalk. Perhaps appellants should have shoveled and salted the sidewalk as a matter of courtesy to their guests. However, we find that Ohio law imposed no such obligation upon appellants, and we are unwilling to extend homeowner liability to cover slip-and-fall occurrences caused entirely by natural accumulations of ice and snow. To hold otherwise would subject Ohio homeowners to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local `welcome wagon.'"
 {¶ 9} Thus, Brinkman held that "a homeowner has no common-law duty to remove or make less hazardous a natural accumulation of ice and snow on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the inherent dangers presented by natural accumulations of ice and snow." Id.
 {¶ 10} Although appellants recognize that there is no cause of action against homeowners for negligence with respect to obvious dangers presented by the natural accumulation of ice and snow on their property, appellants assert that the ice on the steep slope of the Goldsteins' driveway created an "unnatural" accumulation of ice and snow to which the Goldsteins owed a duty to Mr. Phillips (and others) to remove or make less hazardous. In support of their assertion, appellants produced a report from a home inspection agency which observed that the Goldsteins' driveway is very steep and exceeds the accepted slope standard, per the Uniform Building Code and Ohio Building Code, by 66%. According to appellants, the steepness of the Goldsteins' driveway alone, when covered by a natural accumulation of snow, created a substantially more dangerous condition which obligated the Goldsteins to remove or make less dangerous. However, the same report concluded that the Goldsteins' steep driveway only "presents a safety hazard when covered with an unnatural
accumulation of ice." (Emphasis added.) Appellants own expert defeats their argument.
 {¶ 11} Appellants contend that a genuine issue of material fact exists as to whether a fall on the ice was reasonably foreseeable when freeze and thaw cycles melt the snow, causing it to flow from the grass onto a walkway, and create an unnatural accumulation of ice. Appellants rely on Stinson v. Cleveland Clinic Foundation (1987), 37 Ohio App.3d 146,149, 524 N.E.2d 898, for their contention. In Stinson, Mrs. Stinson slipped and fell on a sidewalk. There was evidence in Stinson that the Cleveland Clinic plowed the snow from the sidewalk onto the grass abutting the sidewalk, which grass was on a graded incline, and due to the "freeze and thaw" cycle, the melted snow flowed from the grass onto the sidewalk. The Stinson court specifically stated that they expressed no opinion as to the merits of appellants' theory that this created an unnatural accumulation of ice, but held that it raised a genuine issue of material fact as to whether this condition was reasonably foreseeable.37 Ohio App.3d at 149.
 {¶ 12} Unlike Stinson, Mr. Phillips did not fall on a patch of ice that resulted when a mound of plowed snow, on a graded incline, melted due to the freeze and thaw cycle. Instead, the record is replete with evidence that Mr. Phillips knew there was snow and ice on the ground the day of the accident, that he observed the Goldsteins' front steps covered with ice and decided to deliver the Goldsteins' mail in their open garage, walked across the snow covered sidewalk to get to the garage, walked 10 steps inside the garage, placed the mail near the door that lead to the house, turned to walk 10 steps out of the garage while facing the snow-covered driveway, and took one step out of the driveway when he slipped and fell. There is no evidence that there was a graded incline of piled or plowed snow that had melted causing an unnatural accumulation of ice on the spot outside the garage where Mr. Phillips fell.
 {¶ 13} There is, however, evidence that although Mr. Phillips was aware that ice and snow accumulate on driveways in the winter in Ohio, he did not look for any ice on the Goldsteins' steep driveway and admitted that the month of January in Ohio causes icy conditions in which he needs to protect himself. Moreover, Mr. Phillips' own supervisor, Kevin Buttram, testified that Mr. Phillips' fall could have been prevented by simply avoiding delivering mail that day to the Goldsteins. Mr. Buttram also testified that he observed the Goldsteins' driveway the same day and saw ice. There is simply no evidence that would suggest that Mr. Phillips' fall was the result of an unnatural accumulation of ice as opposed to his own failure to protect himself against the open and obvious danger of the ice.
 {¶ 14} Because appellants presented no genuine issue of material fact that Mr. Phillips' fall was the result of an unnatural accumulation of ice, the trial court did not err in granting summary judgment to the Goldsteins.
Judgment affirmed.
Patricia A. Blackmon, J., and Ann Dyke, J., Concur.