[Cite as *Cristino v. Rock Creek Kitchen & Bar*, 2023-Ohio-450.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TONI CRISTINO, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 111574 |
| v. | : | |
| ROCK CREEK KITCHEN AND BAR, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 16, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-937874

*Appearances:*

Bevan and Associates, L.P.A., Inc., and Jessica M. Bacon, *for appellants.*

Gallagher Sharp LLP, James T. Tyminski, Jr., and Liz R. Phillips, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiffs-appellants Toni and Nicholas Cristino ("Toni," "Nicholas," and collectively "the Cristinos") appeal from the trial court's judgment granting defendant-appellee Rock Creek Kitchen and Bar's ("Rock Creek") motion for summary judgment. For the reasons that follow, we reverse and remand.

**Factual and Procedural History**

{¶ 2} This case arose from a March 8, 2020 incident in which the Cristinos went to Rock Creek in Middleburg Heights, Ohio, for a friend's fundraising event. Upon paying the entry fee for the event, the Cristinos entered the restaurant. Toni then decided to go outside onto the restaurant's attached patio to smoke a cigarette. Toni walked through the open doors to the patio and sat at a table near the patio doors. Toni took a cigarette out of her bag, looked around for an ashtray, and got up to take an ashtray from a nearby table. As she began to walk towards the other table, Toni slipped and fell on the concrete floor of the patio, sustaining a traumatic brain injury that required numerous stitches across the back of her head.

{¶ 3} As a result of this incident, on September 28, 2020, the Cristinos filed a complaint against Rock Creek for negligence and loss of consortium. Rock Creek filed an answer on October 15, 2020.

{¶ 4} On July 6, 2021, Rock Creek filed a motion for summary judgment. On August 16, 2021, the Cristinos filed a brief in opposition to the motion for summary judgment. On August 23, 2021, Rock Creek filed a reply brief in support of its motion for summary judgment.

{¶ 5} On May 9, 2022, the court granted Rock Creek's motion for summary judgment.

{¶ 6} The Cristinos filed a timely notice of appeal. They raise a single assignment of error for our review:

The trial court erred in granting defendant Rock Creek's motion for summary judgment when genuine issues of material fact existed regarding the application of and exceptions to the "no duty winter rule."

**Legal Analysis**

{¶ 7} Appellate courts review decisions on a motion for summary judgment de novo, governed by the standards of Civ.R. 56. *Bliss v. Manville*, Slip Opinion No. 2022-Ohio-4366, ¶ 12, citing *Piazza v. Cuyahoga Cty.*, 157 Ohio St.3d 497, 2019-Ohio-2499, 138 N.E.3d 1108, ¶ 14, citing *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19, citing *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Hall v. First Merit Bank*, 2019-Ohio-1648, 136 N.E.3d 57, ¶ 7 (8th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St. 3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 8} In a negligence action, a plaintiff must demonstrate a duty of care owed by a defendant to plaintiff, defendant's breach of that duty of care, and plaintiff's injury as a direct and proximate result of defendant's breach. *Hensel v. Siegfried Ents.*, 6th Dist. Erie No. E-21-002, 2021-Ohio-2137, ¶ 9, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The parties in this case agree that the Cristinos were business invitees of Rock Creek. Generally, a business owner owes a duty to maintain premises in a "reasonably safe condition

for the protection of business invitees." *Id.*, quoting *Miller v. Tractor Supply Co.*, 6th Dist. Huron No. H-11-001, 2011-Ohio-5906, ¶ 7, citing *Darlin v. Fairfield Med. Ctr.*, 142 Ohio App.3d 682, 684-685, 756 N.E.2d 754 (5th Dist.2001). The "no-duty winter rule" provides, however, that "an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the premises, or to warn invitees of the dangers associated with such natural accumulations of ice and snow." *McCauley v. Cocca Dev. Ltd.*, 7th Dist. Mahoning No. 19 MA 0112, 2020-Ohio-3641, ¶ 15, quoting *Bakies v. RSM Maintenance, Inc.*, 3d Dist. Allen No. 1-19-03, 2019-Ohio-3323, ¶ 23, quoting *Miller* at ¶ 8, citing *Brinkman v. Ross,* 68 Ohio St. 3d 82, 83-84, 623 N.E. 2d 1175 (1993). The rule is based on the assumption that ""everyone is assumed to appreciate the risks associated with natural accumulation of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow."'" *Id.*, quoting *Miller* at ¶ 9, quoting *Brinkman* at 84. Further, the no-duty winter rule extends beyond the "open and obvious" rule, which requires consideration of the ability of the parties to observe and appreciate the danger, because the no-duty winter rule applies without regard to which party "has superior knowledge or a better appreciation" of the risks posed by a natural accumulation of ice and snow. *Id.*

{¶ 9} There are two exceptions to the no-duty winter rule. First, the "improper accumulation" exception arises when a natural accumulation conceals a hazardous condition, which is substantially more dangerous than conditions

normally associated with ice and snow, and about which the owner has actual or constructive knowledge. *Watts v. Richmond Run #1 Condominium Unit Owners Assn.*, 8th Dist. Cuyahoga No. 99031, 2013-Ohio-2695, ¶ 16. This exception applies only when the accumulation hides what would otherwise be an open-and-obvious danger that the owner knew or should have known about. *Id.*, citing *Miller* at ¶ 13. Second, the "unnatural accumulation" exception refers to a man-made or man-caused condition, where a person did something that would cause ice and snow to accumulate in an unexpected place or way. *Id.*, citing *Mubarak v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 84179, 2004-Ohio-6011, ¶ 19, citing *Porter v. Miller*, 13 Ohio App.3d 93, 468 N.E.2d 134 (6th Dist.1983).

{¶ 10} The Cristinos argue that the no-duty winter rule should not have been applied in this case because Rock Creek argued that no snow or ice existed on the patio where Toni fell. This argument is based on deposition statements of Rock Creek's owner Anthony Grassia ("Grassia"). In his deposition, Grassia stated the patio generally was not open or set up during the wintertime, but because the day of the incident was an exceptionally warm day, approximately 70 degrees Fahrenheit, the patio was open. Grassia stated that he prepared the patio that day, and because it was a warm day, he did not have to clean any snow off the patio. Grassia also stated that the patio was not wet, slushy, or icy.

{¶ 11} Rock Creek argues that the trial court properly applied the no-duty winter rule here because the Cristinos visited a restaurant in Ohio during the late winter and elected to sit outside on the patio. Based on Ohio law, the Cristinos were

"assumed to appreciate the inherent risks associated with ice and snow arising during typical Ohio winters and protect themselves against such dangers" while on Rock Creek's premises. *Thatcher v. Lauffer Ravines, LLC*, 10th Dist. Franklin No. 11AP-851f, 2012-Ohio-6193, ¶ 15, citing *Brinkman*, 68 Ohio St.3d at 83-84, 623 N.E.2d 1175. Rock Creek further argues that the factual issue of which party better appreciated the presence or absence of snow or ice on the patio has no bearing on the legal issue of whether Rock Creek owed a duty to the Cristinos.

{¶ 12} While the question of Rock Creek's duty to the Cristinos is a legal question, our review of the record in this case reveals numerous factual questions. First, we note that this case is factually distinguishable from the bulk of case law applying the no-duty winter rule for two reasons: the parties agree that the incident occurred during an unseasonably warm March day, and the incident occurred on an attached patio rather than a parking lot, sidewalk, or other terrain. While the no-duty winter rule does not explicitly provide weather conditions in which the rule does or does not apply, the rule specifically refers to both "ice and snow" and "land" and the case law accordingly limits the application of the rule to areas such as private driveways, walkways, and exterior steps. *Hall*, 2019-Ohio-1648, 136 N.E.3d 57, at ¶ 10, citing *Workman v. Linsz*, 8th Dist. Cuyahoga No. 102473, 2015-Ohio-2524, ¶ 9-10. *Hall* involved an outdoor walkway that was "snow covered and wet" and the incident in that case took place on a cold winter day during which it "had been snowing intermittently throughout the day." *Id*. at ¶ 12. *Workman* involved black ice on a residential driveway on a very cold day. *Workman* at ¶ 3. Likewise, in a

recent case, this court found that the no-duty winter rule applied where the plaintiff slipped and fell on ice in the parking lot on a snowy winter day. *Grimberg v. Blackbird Baking Co., et al.*, 8th Dist. Cuyahoga No. 111592, 2023-Ohio-313.

{¶ 13} Unlike *Hall*, *Workman*, and *Grimberg*, this case involves a patio that was attached to a restaurant and only accessible by entering the restaurant; it was an extension of the restaurant building and was not accessible from the parking lot. Further, Grassia explained in his deposition that on the date of the incident, seating on the patio was available for Rock Creek patrons and if patrons chose to sit on the patio, servers would come onto the patio to serve them. This court is unaware of any case law suggesting that the risks that individuals are assumed to appreciate pursuant to the no-duty winter rule extend to outdoor dining at a restaurant's attached patio on a 70 degree Fahrenheit day.

{¶ 14} The Cristinos also argue if the no-duty winter rule is applied, one or both exceptions to the rule still should have precluded summary judgment in favor of Rock Creek. Specifically, the Cristinos argue that the improper accumulation exception applies because Grassia cleaned off and opened the patio on a day that it otherwise would have been closed. According to the Cristinos, this implied that it was safe to be on the patio and the patio was free from hazards. Therefore, the Cristinos effectively argue that Rock Creek had notice of substantially more dangerous conditions than what Cristino should reasonably have anticipated.

{¶ 15} The Cristinos also argue that the unnatural accumulation exception should apply here because attempts by Rock Creek staff to shovel snow on the patio

redistributed the snow and ice in an unnatural way, and because the patio had a retaining wall that created an unnatural melting and refreezing of snow and ice on the patio that was not present in the parking lot or elsewhere on the premises.

{¶ 16} Because numerous genuine issues of material fact exist surrounding the application of the no-duty winter rule, and the actual conditions of the patio, Rock Creek was not entitled to summary judgment as a matter of law. Therefore, the trial court erred in granting summary judgment in favor of Rock Creek. The Cristinos's assignment of error is sustained.

{¶ 17} Judgment reversed and case is remanded for proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, J., DISSENTING:

{¶ 18} I respectfully dissent from the majority's conclusion that the no-duty winter rule does not apply to patios because its application is limited to private driveways, walkways, and exterior steps. The majority cites *Hall v. First Merit Bank*, 2019-Ohio-1648, 136 N.E.3d 57 (8th Dist.), and *Workman v. Linsz*, 8th Dist. Cuyahoga No. 102473, 2015-Ohio-2524, ¶ 9-10. But neither of these cases support the majority's conclusion.

{¶ 19} Well-established precedent holds that a property owner or occupier is not an insurer of an invitee's safety and owes no duty to protect an invitee from open-and-obvious dangers on the property. *Fortesque v. Rini Rego Supermarkets*, 8th Dist. Cuyahoga No. 69293, 1996 Ohio App. LEXIS 1697, 8 (Apr. 25, 1996), citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus, and *Paschal v. Rite-Aid Pharmacy*, 18 Ohio St. 3d 203, 480 N.E.2d 474 (1985). *See also Shick v. Rite Aid*, 8th Dist. Cuyahoga No. 107805, 2019-Ohio-2238, ¶ 10.

{¶ 20} In *Sidle*, the Ohio Supreme Court held that normal winter weather conditions are obvious dangers. The *Sidle* Court explained, in relevant part:

> The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them.

*Id.*, at paragraph two of the syllabus, citing *Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38, 227 N.E.2d 603 (1967).

**{¶ 21}** In *Watts v. Richmond Run #1 Condo. Unit Owners Assn.*, 8th Dist. Cuyahoga No. 99031, 2013-Ohio-2695, ¶ 11, this court explained the no-duty winter rule as follows:

> This rule, as it applies to natural winter conditions in Ohio, is even more encompassing than the general open and obvious doctrine. This is because "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by [them]." *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175. "Thus, the issue of which party has superior knowledge or a better appreciation of a natural accumulation of ice and snow on the premises is generally irrelevant, since the invitee is charged with an appreciation of those risks as a matter of law." *Miller v. Tractor Supply Co.*, 6th Dist. [Huron] No. H-11-001, 2011[-]Ohio[-]5906, ¶ 9, citing *Brinkman* at *id*. This has come to be called the "no-duty winter rule."

**{¶ 22}** The majority's decision is in conflict with this well-established policy. The fact that this incident occurred on a patio does not change the precedent cited herein.

**{¶ 23}** For these reasons, I respectfully dissent.