[Cite as *Neagles v. R.K. Holdings, L.L.P.*, 2023-Ohio-2099.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

JASON C. NEAGLES, ET AL.,

      PLAINTIFFS-APPELLANTS,

      v.

RK HOLDINGS LLP dba
MARION RURAL KING,

      DEFENDANT-APPELLEE.

CASE NO. 9-22-63

**O P I N I O N**

Appeal from Marion County Common Pleas Court
Trial Court No. 22 CV 17

**Judgment Affirmed**

**Date of Decision:  June 26, 2023**

APPEARANCES:

    *Matthew Bodeman* **for Appellants**

    *Jesse J. Shamp* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellants Jason C. Neagles ("Neagles") and Heidi Neagles, his wife, (collectively "Appellants") bring this appeal from the judgment of the Court of Common Pleas of Marion County granting summary judgment to defendant-appellee RK Holdings LLP dba Marion Rural King ("RK"). Appellants claim on appeal that the trial court erred by granting summary judgment as there is a material issue of fact to be resolved. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 25, 2020, Neagles went to the Marion Rural King store. Neagles entered the store at around 8:00 pm. At that time, it was cold with snow on the ground and more falling. Approximately 40 minutes later, Neagles left the store by the same door that he had entered and started to walk towards his car. After taking a few steps, Neagles' feet slid out from under him and he landed on his back. Neagles realized that the area was covered in ice and snow.

{¶3} On January 25, 2022, Appellants filed a complaint against RK alleging that it was negligent by allowing the public areas outside the store to become icy and slippery and then failing to warn customers of the danger. The complaint also contained a claim for loss of consortium. RK filed its answer on February 18, 2022. On September 6, 2022, RK filed a motion for summary judgment claiming that the

condition of the sidewalk was an open and obvious condition and that Ohio's no-duty winter rule applied. Appellants filed a memorandum in opposition to RK's motion on September 29, 2022. On September 30, 2022, the magistrate granted summary judgment to RK.

{¶4} Apellants filed objections to the magistrate's decision. Appellants claimed that 1) there was a material issue of fact as to whether the slippery conditions were concealed; 2) he exercised the same care as an ordinarily prudent person; 3) RK had superior knowledge of the icy condition; and 4) RK had an extra duty because its training materials instructed employees to clear areas where snow and ice accumulated. RK filed its response to the objections on October 20, 2022. On November 1, 2022, the trial court entered judgment overruling the objections and granting summary judgment to RK. Appellants appealed from this judgment. On appeal, Appellants raise the following assignment of error.

> **The trial court erred by granting summary judgment where a genuine dispute of material fact remains.**

{¶5} The sole assignment of error in this case raises the question as to whether the lower court erred in granting summary judgment.

> An appellate court reviews a trial court's summary judgment decision de novo, independently and without deference to the trial court's decision. * * * Summary judgment is appropriate only "when the requirements of Civ.R. 56(C) are met." * * * The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one

conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. * * * In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." * * * Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. * * *

The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." * * * In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C)." * * * If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *."

(Citations omitted). *Lillie v. Meachem*, 3d Dist. Allen No. 1-09-09, 2009-Ohio-4934, ¶21-22. As the standard of review is de novo, we will review whether reasonable minds could reasonably reach a verdict in favor of Neagles based upon the claims set forth in the complaint.

{¶6} The facts in this case are straightforward. Neagles testified in his deposition that it was snowing on the day of the incident and that he observed the parking lot being wet and snow covered when he entered the store. Neagles stated that there was enough snow in the parking lot area "to make it like a slush." Tr. 33. Neagles arrived at the store around 8 p.m. and it was already dark. Neagles remained in the store for approximately 40 minutes. Then Neagles left the store from the same entrance. Neagles identified Exhibit B as a photo of him leaving the

store.  Neagles testified that the area outside the door in the photo looked wet .  Just a few steps outside the door, Neagles slipped on ice and fell.  Neagles testified that he was not looking at the ground because he was looking at his vehicle and looking for traffic in the parking lot.  After he fell, Neagles realized there was ice under the snow, but also testified that there were no defects in the concrete.

**{¶7}** The complaint in this matter alleges a claim for negligence.  "To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach."  *Daley v. Fryer*, 3d Dist. Allen No. 1-14-48, 2015-Ohio-930, ¶ 16, 30 N.E.3d 213.  "To defeat a defendant's properly supported motion for summary judgment in a negligence action, the plaintiff must first establish that the defendant owed him a duty."  *Bakies v. RSM Maintenance, Inc.*, 3d Dist. Allen No. 1-19-03, 2019-Ohio-3323, ¶ 13, 141 N.E.3d 635.  A failure to show such a duty and that the duty was breached causes the negligence claim to fail.  *Id*.  "A presumption of negligence is never indulged from the mere fact of injury, but the burden of proof is upon the plaintiff to prove the negligence of the defendant and that such negligence is a proximate cause of injury and damage."  *Kraft v. OMCO Building, LLC*, 10th Dist. Franklin No. 17AP-743, 2019-Ohio-621, ¶ 29.

**{¶8}** Generally, "an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the

premises, or to warn invitees of the dangers associated with such natural accumulations of ice and snow." *Miller v. Tractor Supply Co.*, 6th Dis. Huron No. H-11-0001, 2011-Ohio-5906, ¶ 8. One of the inherent dangers of living in Ohio in the winter is that snow and ice will naturally accumulate on sidewalks. *Brinkman v. Ross*, 68 Ohio St.3d 82, 85, 1993-Ohio-72, 623 N.E.2d 1175. In instances where the owner of a business premise is not shown to have notice that the natural accumulation of snow and ice on the premises has created a condition substantially more dangerous than business invitees should reasonably anticipate, there is a failure of proof of an actionable negligence claim. *Id.* The rationale for this rule is that everyone is presumed to appreciate the risks associated with the natural accumulation of ice and snow and is responsible to protect themselves from those dangers. *Bakies, supra* at ¶ 23. This is why Ohio has the "no-duty winter rule" that expects everyone to appreciate and protect themselves against risks associated with natural accumulations of ice and snow in addition to the open and obvious doctrine, which only requires people to protect themselves from dangers they observe and appreciate. *Id.*

{¶9} The undisputed evidence in this case is that Neagles was a business invitee of RK and that RK was the occupier of the land. Under the no-duty winter rule, RK owed no duty to remove natural accumulations of snow and ice from the parking lot or even to warn Neagles of the dangers of the naturally occurring

accumulations of snow and ice. Thus, the only way the negligence claim survives is if there is an exception to the rule.

{¶10} Generally, Ohio courts recognize two exceptions to the no-duty winter rule. The first exception is if there is an "unnatural" accumulation of ice and snow. *Luft v. Ravemore*, 10th Dist. Franklin No. 11AP-16, 2011-Ohio-6765. The second exception is if there is an "improper" accumulation. *Id.* A "natural accumulation of ice and snow is one which accumulates as a result of an act of nature, whereas an unnatural accumulation is one that results from an act of a person." *Crossman v. Smith Clinic*, 3d Dist. Marion No. 9-10-10, 2010-Ohio-3552, ¶ 12. To prevail on a claim that there is an unnatural accumulation of ice and snow, a plaintiff must show that 1) the defendant created or aggravated the hazard, 2) the defendant had knowledge, actual or implied, of the hazard, and 3) that the hazard was substantially more dangerous than it if was in its natural state. *Id.* at ¶ 13. To be "unnatural", there must be factors besides inclement weather including low temperatures and precipitation, but must instead include something man-made. *Bakies, supra* at ¶ 26.

{¶11} Pursuant to the evidence in this case, Neagles was aware that the parking lot and entrance area were snowy and wet when he entered the store. He also testified that the weather was cold. Tr. 32. In Ohio, it is common for snowy and wet conditions to become icy when it is cold. Appellants did not present any evidence that the natural accumulation of the ice and snow was created or

aggravated by an action of RK. Nor did Appellants present any evidence that the hazard was substantially more dangerous than one would normally expect of icy and snowy weather in Ohio. No evidence was presented that RK had any superior knowledge regarding the conditions than Neagles did, especially since Neagles had traversed the same area forty minutes earlier and admitted that the parking lot was snowy and wet.

**{¶12}** Appellants claims that RK had a policy to shovel and salt its walks when snow and ice were present. Appellants argues that this policy created a duty. However, just because a business attempts to keep walks clear does not mean that the business now owes a duty to invitees to do so. "[I]t is unwise as a matter of public policy to punish business owners who, as a courtesy, attempt to maintain safe sidewalks." *Cunningham v. Thacker Serv., Inc.* 10th Dist. Franklin No. 03AP-455, 2003-Ohio-6065, ¶ 14. The failure to salt and shovel the entranceway did not cause the accumulation to become unnatural. The evidence clearly established that Neagles knew it was snowing and that the snow was accumulating. His duty to protect himself from the known risks does not end merely because RK had a policy to try to assist in reducing the risks. Thus, the first exception does not apply.

**{¶13}** The second exception to the no-duty winter rule is that there was an improper accumulation of ice and snow. An improper accumulation are "instances where a natural accumulation of snowfall hid or covered a hazardous condition

about which the property owner knew or should have known." *Crossman, supra* at ¶ 15. The hidden hazard must be "substantially more dangerous than conditions normally associated with ice and snow, and about which the owner or occupier has actual or constructive knowledge." *Luft, supra* at ¶ 16. Neagles testimony in his deposition was that there was no hazard where he fell besides the ice that was under the snow. This is not substantially more dangerous than any other instance where ice is covered by snow. Thus it is not an improper accumulation and the second exception does not apply.

{¶14} As mentioned above, the evidence in this matter is undisputed. The only question before this court is whether RK is entitled to judgment as a matter of law. Viewing the evidence in a light most favorable to Appellants, there is no genuine issue of material fact regarding whether the snow and ice was the result of natural accumulation. Appellants has presented no evidence to show that the ice upon which he slipped and fell were created by any means other than meteorological forces or that the natural accumulation of snow and ice hid another danger. Accordingly, the no-duty winter rule would apply in this case. RK did not have a duty to remove the natural accumulations of snow and ice or to warn business invitees of the dangers of the natural accumulations. From the record before this

Court, reasonable minds could only reach one conclusion and that conclusion is adverse to Appellants.[1]  The assignment of error is overruled.

{¶15} Having found no error prejudicial to the Appellants in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**

---

[1] The loss of consortium claim is a derivative claim that can only succeed if the underlying claims succeed. *Bowen v. KilKare, Inc.*, 63 Ohio St.3d  84, 585 N.E.2d 384 (1992).