OPINION
{¶ 1} Plaintiffs-Appellants, Linda and Brad Norton, appeal a judgment of the Marion County Court of Common Pleas, granting summary judgment to Defendant-Appellee, Marion General Hospital ("MGH"). On appeal, Appellants assert that the trial court erred in granting summary judgment, because a genuine issue of material fact exists regarding whether a patch of ice was a natural accumulation. Having found that no genuine issue of material fact exists as to this issue, the judgment of the trial court is affirmed.
 {¶ 2} In December of 2002, in the early afternoon, Appellants traveled to MGH to attend an MRI examination scheduled for Mr. Norton. Both Mr. and Mrs. Norton stated during their depositions, that there was snow on the ground that day. Additionally, both testified that the parking lot and sidewalks at MGH had been cleared of snow. While walking into MGH, Mrs. Norton fell on a patch of ice on the sidewalk approximately ten feet from the hospital entrance.
 {¶ 3} In December of 2004, Appellants filed a complaint against MGH, alleging that MGH had negligently allowed water to drain across a public sidewalk which formed ice, which Mrs. Norton fell upon, causing bodily injury; that MGH negligently maintained a dangerous condition on their public sidewalk, causing bodily injury to Mrs. Norton; and, that Mr. Norton had suffered loss of consortium based upon the above claims.
 {¶ 4} In October of 2005, MGH filed a motion for summary judgment, asserting that MGH was not liable for the natural accumulation of ice upon which Mrs. Norton had fallen. Relying upon the deposition testimony of Mr. and Mrs. Norton, MGH argued that Appellants had lived in Ohio for approximately twenty-two years and were familiar with snow and ice accumulation in parking lots. Additionally, MGH cited Appellants testimony that they did see snow on the ground on the day that Mrs. Norton fell outside of MGH, that the parking lot was being cleared of snow when they got to MGH and that the sidewalk was clear of snow. According to MGH, Appellants' deposition testimony offered no evidence to show the patch of ice Mrs. Norton slipped on was an unnatural accumulation. Thus, MGH could not be held liable and summary judgment should be granted.
 {¶ 5} Subsequently, Appellants filed their motion in response to MGH's motion for summary judgment and MGH filed a reply in support of its motion for summary judgment. In January of 2006, the trial court granted MGH's motion for summary judgment, finding there was no evidence that the patch of ice Mrs. Norton slipped on was an unnatural accumulation.
 {¶ 6} It is from this judgment, Appellants appeal presenting the following assignment of error for our review.
THE EVIDENCE, WHEN CONSTRUCTED (sic.) AS REQUIRED, ESTABLISHEDTHAT A QUESTION OF FACT EXISTED AS TO WHETHER THE ACCUMULATION INQUESTION WAS NATURAL AND THEREFORE THE AWARD OF SUMMARY JUDGMENTWAS ERROR.
 {¶ 7} In the sole assignment of error, Appellants assert that summary judgment should not have been granted because a question of fact exists as to whether the accumulation of ice at issue here was a natural or unnatural accumulation.
 {¶ 8} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. DaytonHeidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶25, citing State ex rel. Cassels v. Dayton City School Dist. Bd.Of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. HarwickChemical Corp., 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-59, 1992-Ohio-95.
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts,83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 10} In the case sub judice, Appellants contend that MGH has failed to produce any evidence to show that the ice patch was not an unnatural accumulation. The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the sidewalks on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow. Brinkmanv. Ross (1993), 68 Ohio St.3d 82, 83; Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38. The underlying rationale is that everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow. Brinkman, 68 Ohio St.2d at 84. Liability may attach, however, if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. Lopatkovich v.City of Tiffin (1986), 28 Ohio St.3d 204, 207. An unnatural accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow. Porter v. Miller (1983),13 Ohio App.3d 93, 95.
 {¶ 11} Although Appellants allege that the ice patch was an unnatural accumulation, they have offered no evidence to support that conclusion. "Unsupported allegations * * * do not suffice to necessitate the denial of summary judgment." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The principal function of summary judgment is to move beyond mere allegations and to analyze the evidence to ascertain whether an actual need for trial exists. Id. Moreover, a motion for summary judgment "forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." Wingv. Anchor Media, Ltd. Of Texas (1991), 59 Ohio St.3d 108, para. three of syllabus. A potential inference is not enough to withstand a motion for summary judgment. Id. at 112.
 {¶ 12} While Mrs. Norton stated that MGH should have removed the ice patch, she did not know if MGH's snow removal efforts had caused the patch of ice to accumulate. Additionally, Appellants both testified that snow had fallen the night before and that they had encountered similar situations prior. Appellants offer no evidence that MGH snow removal caused the accumulation of the ice. Accordingly, on the evidence presented, Appellants have not met their burden to produce evidence supporting that MGH owed a duty to mediate the icy conditions and we must affirm the trial court's grant of summary judgment. Thus, the sole assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.